to explain the visit of the engineer in control of the device, and through whose alleged negligence plaintiff claimed to have been injured, to the office of plaintiff's counsel during the course of the trial and conference with the latter, before he was called upon to testify on behalf of defendant, and his failure to call the engineer as a witness, to state that the engineer had a deep motive, and he did not think that it would be fair to put him on the stand and ask him to "incriminate" himself, and after objection, in stating that by the use of the word "incriminate" he did not mean anything criminal, that the engineer must have had a deep motive and that it was not human nature for a man to take the stand and say, "yes, it was my fault for crippling a human being for the rest of his life," and asking whether he should have asked the engineer to say that, and, in discussing the pain and suffering endured by plaintiff while being treated by his physician, to ask the jury if they did not think that plaintiff suffered intense pain when he had pieces of bone taken from his leg and in stating that the work was done without the humane office of an anæsthetic.

### E. A. Hey, Appellee, v. United States Bottlers' Machinery Company, Appellant.

### Gen. No. 23,262.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and judgment here. Opinion filed April 16, 1918.

### Statement of the Case.

Action by E. A. Hey, plaintiff, against United States Bottlers' Machinery Company, defendant, to recover for a balance due on account of commissions on orders for the sale of bottle washing and filling machines and tomato pulping machines. From a judgment for plaintiff for $923.75, defendant appeals.

The orders procured by plaintiff were in writing and contained an express guaranty that the machines would give satisfaction to the purchaser. Subsequently it developed that a number of the pulping machines so shipped proved unsatisfactory and were either returned by the purchasers or were retained after the defendant had made certain alterations in their construction or a suitable allowance in price. Such expenditures or allowances were charged to plaintiff.

ASHCRAFT & ASHCRAFT, for appellant; E. M. ASHCRAFT & C. F. RATHBUN, of counsel.

LONGENECKER & HEISE, for appellee; ROLLA R. LONGENECKER, of counsel.

MR. JUSTICE MCDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 66*—*when evidence does not support finding for plaintiff as to right to commissions on machines returned.* A finding for plaintiff, in an action to recover commissions on the sale of machines, on the basis of all orders taken, whether returned or not, as to right to payment for machines returned, is improper where the only evidence to sustain the finding is plaintiff's own testimony, and his testimony on cross-examination is of such a character as to leave the mind in great doubt as to whether his version of the contract of employment is true, and his evidence is opposed by that of three officers of the defendant as well as by a stipulation between the parties at the time of trial that plaintiff was not seeking to recover items of commission where the machines had been returned.

2. MASTER AND SERVANT, § 71*—*when allowances for alterations in unsatisfactory machines or reduction in price are proper in action for commissions.* Evidence *held* to warrant a finding for the allowance to defendant of a certain sum and deduction thereof

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

from commissions earned ⸤by plaintiff, because of alterations in unsatisfactory machines or the granting of a reduction in the price to the purchasers.

## D. H. Buxton et al., Appellees, v. Bliss & Laughlin, Appellant.

### Gen. No. 23,275.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and judgment here with finding of facts. Opinion filed April 16, 1918.

### Statement of the Case.

Action by D. H. Buxton and others, plaintiffs, against Bliss & Laughlin, a corporation, defendant, to recover for the alleged breach by defendant of two contracts for the sale of steel shafting. From a judgment for plaintiffs for $2,855.55, defendant appeals.

FRANK & LURIE, for appellant.

MUSGRAVE, OPPENHEIM & LEE, for appellees.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1.  SALES, § 65*—*when special provision in contract as to time for specifying requirements by seller prevails over general provision.*  The express provision in a contract for the sale of steel shafting, to be made according to specifications, that specifications

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.